C. S. FULTON et al., Appellants, v. FARMERS UNION EXCHANGE et al., Appellees.

JANUARY 15, 1929.

*Boorman & Whitman,* for appellants.

*Clark, Byers & Brunk* and *Swan, Martin & Martin,* for appellees.

MORLING, J.—The individual parties plaintiffs and defendants, with others, organized the defendant Farmers Union Exchange, as a corporation, adopted articles of incorporation, and had them recorded. The articles provided that the private

property of the members. should be exempt from liability for corporate debts. There is no proof or serious claim that the Farmers Union Exchange operated otherwise than as a corporation, or that it was defectively organized. Plaintiffs' contention, in substance, is that they were directors of the corporation and, by instruction of the stockholders, borrowed funds to carry on the business; that thereby defendants are estopped to deny their liability to contribution.

At a meeting of the proposed stockholders, at which the officers and directors were selected, a motion was, according to the minutes, carried, "that we use the money paid in by the stockholders to buy grain with, and give note for the purchase price of the elevator and invoice goods." An elevator and its contents were purchased, and notes of the corporation given for the price. Losses were sustained in the conduct of the business, resulting in a large bank overdraft, for which the plaintiffs gave their personal notes. There is testimony that, at the meeting at which it was decided to purchase the elevator, "we did not have any money, but they were to satisfy by a note, and were authorized to sign the note * * * We were directed to purchase the equipment of the elevator at about $4,000, and that was also to be paid for by a note; and after the money which might be paid in for capital stock to run the business had been exhausted, we were to borrow money; and this was in the presence of all of the 60 people. The capital stock of $8,000 was soon exhausted in the conduct of the business; and the board of directors, acting under the direction of this meeting, borrowed money. I do not know just how much, but I was at one meeting when I know they were over $22,000 in debt. It was a stockholders' meeting. They discussed this as an overdraft, and had a note afterwards."

One witness says, over objection, that he would not have signed the notes "if the members and stockholders then present had not directed it, and would indemnify and hold me harmless against loss by doing so." There is no plea or evidence that defendants made any promise to indemnify. Different versions are given of the reason which actuated plaintiffs in giving their individual notes. We need not detain ourselves with a discussion of them. The petition alleges:

"That, in the execution of both of said notes, said parties

were simply loaning their names to said corporation as an accommodation to the Farmers Union Exchange, and received no valuable consideration therefor; and that the debt which was evidenced by the last note of $18,000 was the debt of the Farmers Union Exchange, and not the debt of the parties who executed said note. * * * That, before the execution of the * * * note, * * * at a meeting of the stockholders, and of which all defendants were legally notified, and said stockholders' meeting legally called, at said meeting, the plaintiffs who executed said notes were directed so to do by the stockholders of said alleged corporation, and were directed to go on with the business, and were directed by the stockholders of said corporation to incur the indebtedness which resulted in an overdraft upon the bank, * * * and were authorized by said stockholders of said corporation to incur the indebtedness of $18,000 * * * That, in the execution of said note and in the creation of said indebtedness, same was done by and with the direction of the stockholders of said corporation at a regularly called meeting thereof. * * * the defendants should pay $80 per share * * * that the balance of said indebtedness, after deducting the amount of $80 per share that should be paid by the defendants upon their respective shares of stock, to be paid by prorating said balance between the plaintiffs and defendants in accordance with the amount of stock held by the plaintiffs and defendants.''

It is not proved or argued that defendants agreed to become personally liable for the debts to be incurred, or that they authorized the plaintiffs to become personally liable, or agreed that the stockholders should make the corporate business or debts their own. The authority to the directors was to them as officers of the corporation, to incur for the corporation corporate indebtedness, and to execute corporate obligations. There is nothing in the proof to support the allegation that the stockholders should, besides paying $80 per share for the stock, prorate among themselves the balance of the corporate indebtedness, in proportion to their stock or otherwise. Plaintiffs' proposition is that the court erred in holding that the appellees are not estopped in being required to contribute their proportion of the amount paid for them by plaintiffs at their instance and request in the conduct of the business. The debt in question is a corporate debt (so alleged), incurred in corporate business. The

corporation is an entity distinct from its stockholders. The purpose of doing business under the form of a corporate organization is to avoid individual liability of the stockholders. If a stockholder (or, for that matter, a director), by voting to authorize the officers of the corporation to enter into an obligation for the corporation,—to obligate the corporation,—thereby becomes liable individually for the corporate obligations so incurred, it is obvious that the law which exempts the stockholders from personal liability for corporate indebtedness is void of any meaning or force,—corporate organization becomes an empty form. The stockholders authorized the incurring of corporate liability, not individual liability. They agreed that the corporation would be bound thereby, not that they as individuals would be bound. In denying individual liability, they are in no wise acting inconsistently with their conduct in consenting to and authorizing corporate liability. The essence of equitable or quasi estoppel is wanting. 21 Corpus Juris 1202; 2 Pomeroy's Equity Jurisprudence (4th Ed.), Section 805 *et seq.*; 10 Ruling Case Law 688.—*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.